Nisha Wright (SBN: 202564)
**The Wright Law Office, P.A.**
600 West Broadway, Suite 700
San Diego, CA 92101
Telephone: (619) 393-3677
nisha@wrightlawoffice.com

Manfred P. Muecke (SBN: 222893)
**MANFRED, APC**
4225 Executive Square
Suite 600-6051
La Jolla, CA 92101-3370
Telephone: (619) 550-4005
Fax: (619) 550-4006
mmuecke@manfredapc.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX MERRICK, on Behalf of Herself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> MARS FOOD US, LLC DBA SEEDS OF CHANGE <br><br> Defendant. | Case No.: **'26 CV 4610 JLS   JAC** |

1

COMPLAINT

Plaintiff, Alex Merrick, ("Plaintiff"), by and through her attorneys, brings this action on behalf of herself and all others similarly situated against Defendant, Mars Food US, LLC dba Seeds of Change. ("Defendant" or "Seeds of Change"). Plaintiff hereby alleges, on information and belief, except for information based on personal knowledge, which allegations are likely to have evidentiary support after further investigation and discovery, as follows:

**INTRODUCTION**

1.      Seeds of Change is an Illinois-based company, with its principal place of business in Chicago, Illinois. It markets organic rice and other grain products for consumers. Seeds of Change manufactures, distributes, and sells these products. Defendant sells its products by deceiving the public about their ingredients and nutritional value, specifically in its Organic Quinoa, Brown & Red Rice with Flaxseed variety (the "Product").

2.      Quinoa is prominently displayed first in the Product's name on the front of the package. By prominently identifying the Product as "QUINOA, BROWN & RED RICE WITH FLAXSEED," with quinoa appearing first, Defendant represents to reasonable consumers that quinoa is a substantial or main ingredient in the Product.

3.      This representation is false and misleading. Contrary to the impression created by the front of the package, the Product's ingredient list identifies quinoa among those ingredients comprising less than 2% of the Product. Although quinoa

2

COMPLAINT

is prominently displayed first in the Product's name, it is not a main or substantial ingredient

4.    Plaintiff and members of the classes purchased the Product for its ingredients and purported nutritional benefits. They paid a premium for Defendant's Product over comparable products that were not promoted with the misrepresentations at issue here.

5.    Defendant's misrepresentations concerning the Product are unfair, unlawful, and fraudulent, and have the tendency or capacity to deceive or confuse reasonable consumers. As such, Defendant's practices violate California consumer laws.

## **JURISDICTION AND VENUE**

6.    This Court has jurisdiction over this matter under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), as the amount in controversy exceeds $5 million, exclusive of interests and costs; it is a class action of over 100 members; and the Plaintiff is a citizen of a state different from at least one Defendant. Plaintiff alleges that the total claims of individual members of the proposed Classes (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

7.    This Court has personal jurisdiction over Defendant. Defendant has sufficient minimum contacts with the state of California and purposefully availed itself, and continues to avail itself, of the jurisdiction of California through the privilege of conducting its business ventures in the state of California thus

rendering the exercise of jurisdiction by the Court permissible under traditional notions of fair play and substantial justice.

8.    Venue is proper in this district under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, as Defendant does business throughout this district. Plaintiff made her purchase of the Seeds of Change Products in this district. The purchased Product was delivered to, and used, in this district.

## THE PARTIES

9.    Plaintiff, Alex Merrick, is a natural person residing in San Diego County, California, who is a citizen of the State of California. Plaintiff purchased the Product from Target in San Diego County, California during the class period. Prior to making her purchase, Plaintiff saw and reviewed the Product label containing Defendant's representation that Quinoa was a main ingredient in the Product. Plaintiff relied upon Defendant's representation that quinoa was the main ingredient in the Product. This representation was false as quinoa is listed among the ingredients comprising less than 2% of the Product. Plaintiff did not receive the promised benefits or receive the full value of her purchase.  Plaintiff would not have purchased the Product or would not have paid as much for the Product if she had known it did not in fact contain the claimed characteristics as alleged herein.

COMPLAINT

10.    Defendant, Seeds of Change, is a corporation with its principal place of business in Chicago, Illinois. Defendant is licensed to conduct business in California.

11.    Plaintiff reserves the right to amend this Complaint to add different or additional defendants, including without limitation any officer, director, employee, supplier, or distributor of Defendant who has knowingly and willfully aided, abetted, or conspired in the false and deceptive conduct alleged herein.

## FACTUAL ALLEGATIONS

12.    Defendant manufactures, distributes, advertises, and sells the Organic Quinoa, Brown & Red Rice with Flaxseed product. At all relevant times, Defendant has marketed the Product consistently and uniformly relating to ingredients and nutritional benefits. Defendant sells the Product on its website, popular retail grocers, and through various other distributors.

13.    Quinoa is regarded as having multiple health benefits which include being high-protein, high-fiber, and containing necessary vitamins that are essential to overall good health. The fiber content aids in digestive processes, while the protein can make it a good choice for those wanting to stay satiated, which can contribute to weight loss. These benefits make it a healthier alternative to rice.[1]

---

[1] https://health.clevelandclinic.org/quinoa-benefits (Last accessed on August 5, 2026).

COMPLAINT

14.    Defendant's Product label describes it as a blend of quinoa, brown, and red rice, with flaxseed added. A representative picture of the front of the label from Defendant's website[2] is as follows:



15.    Defendant's webpage for the Product does not contain a picture of the back of the package.[3] However, the ingredient list in fine print on the back of the packaging reveals that quinoa is not a main or substantial ingredient. Rather, quinoa appears only after the statement "LESS THAN 2% OF," together with other ingredients, including brown flax seeds.[4]

[2]    https://www.seedsofchange.com/products/rice-grains/seeds-change-certified-organic-quinoa-brown-red-rice-flaxseed-85-oz-pouch
[3] Id.
[4]    https://www.walmart.com/ip/SEEDS-OF-CHANGE-Organic-Quinoa-Brown-Red-Rice-8-5oz/51762366 (Last accessed on August 5, 2026).

COMPLAINT



16.     Quinoa is known for having more health benefits, but also for being more expensive than rice products. "Quinoa costs roughly 3-5 times as much as white rice per pound."[5]

17.     Quinoa contains almost twice as much protein as brown rice.[6] Further, unlike rice, quinoa is a complete protein, containing all nine essential amino acids that our bodies cannot make on their own.[7] These amino acids support vital functions, including tissue repair, and can only be obtained through food.[8]

18.     Defendant used this commonly known information regarding the nutritional benefits and cost of quinoa to induce Plaintiff and class members to pay more than

---

[5] https://quinoakitchen.com/guides/quinoa-vs-rice/ (Last accessed on August 5, 2026).
[6] https://ufhealth.org/care-sheets/healthy-food-trends-quinoa
[7] https://nutritionsource.hsph.harvard.edu/food-features/quinoa/
[8] Agarwal A, Rizwana, Tripathi AD, et al. Nutritional and functional new perspectives and potential health benefits of quinoa and chia seeds. *Antioxidants (Basel)*. 2023;12(7):1413. doi:10.3390/antiox12071413

7

COMPLAINT

what the Product was worth based on its deceptive marketing and labels. The Product's packaging was designed to make consumers believe that there was an amount of quinoa in it that would yield health and nutritional benefits that quinoa is known for. In reality, there was a negligible proportion of quinoa in the Product that could not have provided the health benefits sought by Plaintiff and class members, nor did the quantity match what was advertised on the packaging.

19.    All of Defendant's misrepresentations and omissions at issue here were consistently made during the applicable class period. Defendant made uniform misrepresentations about the Product that Plaintiff and all class members were exposed to and relied upon.

20.    Plaintiff and Class members would not have purchased the Product, or would not have paid as much for the Product, had they known the truth about the mislabeled and falsely advertised Products.

## CLASS ACTION ALLEGATIONS

21.    **Class Definition:** Plaintiff brings this class action on behalf of herself, and as a class action on behalf of the following putative classes (the "Class"):

**Nationwide Class:** All individual residents of the United States who purchased the Seeds of Change Quinoa, Brown & Red Rice with Flaxseed Product through the date of class certification. Excluded from the Class are: (1) Defendant and all directors, officers, employees, partners, principals, shareholders, and agents of Defendant; (2) Any currently sitting United States District Court Judge or Justice,

8

and the current spouse and all persons within the third-degree of consanguinity to such judge/justice; and (3) Class Counsel.

**California Sub-Class**: All individual residents of the State of California who purchased the Seeds of Change Quinoa, Brown & Red Rice with Flaxseed Product through the date of class certification. Excluded from the Class are: (1) Defendant and all directors, officers, employees, partners, principals, shareholders, and agents of Defendant; (2) Any currently sitting United States District Court Judge or Justice, and the current spouse and all other persons within the third-degree of consanguinity to such judge/justice; and (3) Class Counsel.

22. Plaintiff reserves the right to amend the Class definitions if further investigation and discovery indicates that the Class definitions should be narrowed, expanded, or otherwise modified.

23. **Numerosity and Ascertainability:** Plaintiff does not know the exact number of members of the putative classes. Due to Plaintiff's initial investigation, however, Plaintiff is informed and believes that the total number of Class members is at least in the tens of thousands, and that members of the Class are numerous and geographically dispersed throughout the United States and California. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery, including Defendant's records, either manually or through computerized searches.

COMPLAINT

24. **Typicality and Adequacy:** Plaintiff's claims are typical of those of the proposed Class, and Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff does not have any interests that are antagonistic to those of the proposed Class. Plaintiff has retained counsel competent and experienced in the prosecution of this type of litigation.

25. **Commonality:** The questions of law and fact common to the Class members, some of which are set out below, predominate over any questions affecting only individual Class members:

a. whether Defendant committed the conduct alleged herein;

b. whether Defendant's conduct constitutes the violations of laws alleged herein;

c. whether Defendant's labeling, sale and advertising set forth herein are unlawful, untrue, or are misleading, or reasonably likely to deceive;

d. whether Defendant knew or should have known that the representations were false or misleading;

e. whether Defendant knowingly concealed or misrepresented material facts for the purpose of inducing consumers into spending money on the Products;

f. whether Defendant's representations, concealments and non-disclosures concerning the Products are likely to deceive the consumer;

g. whether Defendant should be permanently enjoined from making the claims at issue; and

COMPLAINT

h. whether Plaintiff and the Class are entitled to restitution and damages.

26. **Predominance and Superiority:** Common questions, some of which are set out above, predominate over any questions affecting only individual Class members. A class action is the superior method for the fair and just adjudication of this controversy. The expense and burden of individual suits make it impossible and impracticable for members of the proposed Class to prosecute their claims individually and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

a. given the complexity of issues involved in this action and the expense of litigating the claims, few, if any, Class members could afford to seek legal redress individually for the wrongs that Defendant committed against them, and absent Class members have no substantial interest in individually controlling the prosecution of individual actions;

11

b. when Defendant's liability has been adjudicated, claims of all Class members can be determined by the Court;

c. this action will cause an orderly and expeditious administration of the Class claims and foster economies of time, effort and expense, and ensure uniformity of decisions; and

d. without a class action, many Class members would continue to suffer injury, and Defendant's violations of law will continue without redress while Defendant continues to reap and retain the substantial proceeds of its wrongful conduct.

27.    **Manageability:** The trial and litigation of Plaintiff's and the proposed Class claims are manageable. Defendant has acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief and declaratory relief with respect to the Class as a whole.

<u>COUNT I</u>
**CALIFORNIA UNFAIR COMPETITION LAW ("UCL")**
**Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.***
***(By Plaintiff Merrick, individually, and on behalf***
***of the California Class)***

28.    Plaintiff, individually, and on behalf of the California Class, re-alleges and incorporates by reference paragraphs 1 through 20 as though fully set forth herein.

29.    Defendant is a "person" as defined by California Business and Professions Code § 17201.

30.    A reasonable consumer would have been misled and deceived by the

12

COMPLAINT

Product's labels. Specifically, Defendant marketed, labeled, and represented the Product with the representations described herein, when in fact the Product contains a negligible amount of quinoa. Accordingly, the labels are demonstrably and literally false.

31.    The misrepresentation is material to a reasonable consumer. The ingredient quinoa is prominently displayed on the Product's front label as the first ingredient because Defendant understands consumers value the nutritional benefits of quinoa. Accordingly, consumers are willing to pay a premium for foods containing quinoa.

32.    Plaintiff and Class Members who purchased Defendant's Product suffered an injury by virtue of buying Products in which Defendant misrepresented the Products' true quality. Had Plaintiff and Class Members known that Defendant misrepresented material information regarding the Product's ingredient content, they would not have purchased the Product(s), or would have paid less for them.

33.    Defendant's conduct, as alleged herein, violates the laws and public policies of California and the United States, as set out in this Class Action Complaint.

34.    There is no benefit to consumers or competition by allowing Defendant to deceptively label, market, and advertise its Product(s).

35.    The harm suffered by Plaintiff and Class Members who purchased Defendant's Products outweighs any legitimate justification, motive, or reason for packaging, marketing, advertising, and labeling the Products in a deceptive and misleading manner. These are practices and uniform courses of conduct that offend

COMPLAINT

an established public policy or that are immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

36. The acts of Defendant in disseminating said misleading and deceptive statements to consumers throughout the state of California, including to Plaintiff and Class Members, were and are likely to deceive reasonable consumers by obfuscating the true nature of Defendant's Products and, thus, were violations of California Business and Professions Code §§ 17500, *et seq*.

37. Defendant also violated the UCL's proscription against engaging in unfair business practices. Defendant's acts, omissions and non-disclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of California Business and Professions Code §§ 17200, *et seq*. in that Defendant's conduct is substantially injurious to consumers, offends public policy and is immoral, unethical, oppressive and unscrupulous, as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

38. Defendant further violated the UCL's proscription against engaging in fraudulent business practices. Defendant's claims, nondisclosures and misleading statements with respect to the Products, as more fully set forth herein, were false, misleading and/or likely to deceive the consuming public within the meaning of California Business and Professions Code § 17200.

39. Plaintiff and the other Class Members suffered a substantial injury by virtue of buying the Products they would not have purchased, or would have paid less for,

absent Defendant's unlawful, fraudulent and unfair marketing, advertising, packaging and omission about the defective nature of the Products.

40.    As a result of Defendant's above unlawful, unfair, and fraudulent acts and practices, Plaintiff, on behalf of herself and all others similarly situated, and as appropriate, on behalf of the general public, seeks injunctive relief prohibiting Defendant from continuing these wrongful practices. Plaintiff intends to purchase the Products or similar products if the requested injunctive relief is granted.

41.    Additionally, Plaintiff seeks restitution if monetary damages are not available. Restitution under the UCL can be awarded in situations where the entitlement to damages may prove difficult. But even if damages were available, such relief would not be adequate to address the injury suffered by Plaintiff and other Class Members. Unlike damages, the Court's discretion in fashioning equitable relief is very broad. Thus, restitution would allow recovery even when normal consideration associated with damages would not.

### COUNT II
**CALIFORNIA FALSE ADVERTISING LAW ("FAL")**
**Violation of Cal. Bus. & Prof. Code §§ 17500, *et seq*.**
***(By Plaintiff, individually, and on behalf of the California Class)***

42.    Plaintiff, individually, and on behalf of the California Class, re-alleges and incorporates by reference paragraphs 1 through 20 as though fully set forth herein.

COMPLAINT

43.    The conduct described herein took place within the State of California and constitutes deceptive or false advertising in violation of California Business and Professions Code § 17500.

44.    The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

45.    Defendant violated the FAL by representing its Product contained quinoa as the main ingredient when in fact it contained a negligible amount.

46.    Defendant's descriptions of the Products were false, misleading, and likely to deceive Plaintiff and other reasonable consumers.

47.    Defendant's conduct therefore constitutes deceptive or misleading advertising.

48.    Plaintiff has standing to pursue claims under the FAL, as she reviewed and relied on Defendant's packaging, advertising, representations, and marketing materials regarding the Product when selecting and purchasing the Product.

49.    In reliance on the statements made in Defendant's advertising and marketing materials regarding the content of quinoa as the main ingredient, Plaintiff and Class Members purchased the Product.

16

COMPLAINT

50.    Defendant knew that its representations were false and misleading at the time it made them. Defendant deliberately provided false representations of the Product to induce its customers to purchase the Products.

51.    Defendant's false and misleading advertising statements deceived the general public.

52.    As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and Class Members have suffered injury-in-fact and have lost money and property.

53.    Plaintiff and Class Members reasonably relied to their detriment on Defendant's material misrepresentations regarding its Products.

54.    As a result of Defendant's above unlawful, unfair and fraudulent acts and practices, Plaintiff, on behalf of herself and all others similarly situated, and as appropriate, on behalf of the general public, seeks injunctive relief prohibiting Defendant from continuing these wrongful practices.

55.    Additionally, Plaintiff seeks restitution if monetary damages are not available. Indeed, restitution under the FAL can be awarded in situations where the entitlement to damages may prove difficult. But even if damages were available, such relief would not be adequate to address the injury suffered by Plaintiff and other Class Members. Unlike damages, the Court's discretion in fashioning equitable relief is very broad. Thus, restitution would allow recovery even when normal consideration associated with damages would not.

17

COMPLAINT

## COUNT III
### Violation of the Consumers Legal Remedies Act
### ("CLRA") Cal. Civ. Code § 1770 et seq.
### (On behalf of the California Subclass)

56.    Plaintiff, individually, and on behalf of the California Class, re-alleges and incorporates by reference paragraphs 1 through 20 as though fully set forth herein.

57.    Plaintiff and Class Members are "consumers" within the meaning of California Civil Code § 1761(d). By purchasing Defendant's Products, Plaintiff and members of the California Class engaged in "transactions" within the meaning of California Civil Code §§ 1761(e) and 1770.

58.    Defendant, Plaintiff and the Class are "persons" within the meaning of California Civil Code § 1761(c).

59.    The Products are "goods" within the meaning of California Civil Code § 1761(a).

60.    California Civil Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."

61.    The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer[.]" Cal. Civ. Code § 1770.

COMPLAINT

62.    Defendant engaged in unfair or deceptive acts or practices when, in the course of its business, it, among other acts and practices, intentionally and knowingly made material misrepresentations regarding the quinoa content of the Product, as detailed herein.

63.    Specifically, by representing the Product contained quinoa as the main ingredient when it contained a negligible amount, Defendant engaged in one or more of the following unfair or deceptive business practices as defined in California Civil Code § 1770(a):

  a.  Representing that the Products have characteristics, uses, benefits and qualities which they do not have.

  b.  Representing that the Products are of a particular standard, quality and grade when they are not.

  c.  Advertising the Products with the intent not to sell them as advertised.

  d.  Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

  Cal. Civ. Code §§ 1770(a)(5), (7), (9) and (16).

64.    Defendant's unfair or deceptive acts or practices had a tendency or capacity to mislead and create a false impression in consumers, and were likely to and did in fact deceive reasonable consumers, including Plaintiff and Class Members, about the true quality and true value of the Products.

19

COMPLAINT

65.    Defendant's wrongful business practices constituted, and still constitute, a continuing course of conduct in violation of the CLRA.

66.    Plaintiff and the Class suffered injury in fact and actual damages resulting from Defendant's material misrepresentations.

67.    Plaintiff and the Class suffered economic injury as a direct and proximate result of Defendant's violations because: (a) they would not have purchased the Products on the same terms if they had known that the Products were falsely labeled as alleged herein; (b) they paid a price premium compared to products without the misrepresentation alleged herein; and (c) the Products did not have the characteristics, ingredients, uses, benefits or qualities as promised.

68.    Defendant's violations present a continuing risk to Plaintiff and the Class, as well as to the general public, and therefore affect the public interest.

69.    In accordance with Cal. Civ. Code § 1780(a), Plaintiff and the Class seek injunctive and equitable relief for Defendant's CLRA violations. Plaintiff has mailed an appropriate demand letter consistent with California Civil Code § 1782(a). If Defendant fails to take corrective action within 30 days of receipt of the demand letter, Plaintiff will amend her complaint to assert claims for actual, punitive, and statutory damages, as appropriate.

## COUNT IV
## UNJUST ENRICHMENT

70.    Plaintiff, individually, and on behalf of the California Class, re-alleges and

incorporates by reference paragraphs 1 through 20 as though fully set forth herein.

71.    At all times relevant hereto, Defendant deceptively marketed, advertised and sold merchandise to Plaintiff and the Classes.

72.    Plaintiff and the Classes conferred upon Defendant non-gratuitous payments for the Products that they would not have if not for Defendant's deceptive advertising and marketing. Defendant accepted or retained the non-gratuitous benefits conferred by Plaintiffs and the Classes, with full knowledge and awareness that, as a result of Defendant's deception, Plaintiff and the Classes did not receive Products of the quality, nature, fitness or value that was represented by Defendant and reasonable consumers would expect.

73.    Defendant was unjustly enriched in retaining the revenues derived from purchases of merchandise by Plaintiff and the Classes, which retention under these circumstances is unjust and inequitable because Defendant falsely represented that quinoa was the main ingredient in the Products when, in fact, the Products actually contained a negligible amount of quinoa, which caused injuries to Plaintiffs and the Classes because they paid a price premium due to the misleading advertising and labeling on the Product.

74.    Retaining the non-gratuitous benefits conferred upon Defendant by Plaintiff and the Classes under these circumstances made Defendant's retention of the non-gratuitous benefits unjust and inequitable. Thus, Defendant must pay restitution and non-restitutionary disgorgement of profits to Plaintiff and the Class Members for its

COMPLAINT

unjust enrichment, as ordered by the Court. Plaintiff, and those similarly situated, have no adequate remedy at law to obtain this restitution.

75.     Plaintiff, therefore, seeks an order requiring Defendant to make restitution and non-restitutionary disgorgement of profits to Plaintiff and other members of the Classes.

## COUNT V
## NEGLIGENT MISREPRESENTATION

76.     Plaintiff, individually, and on behalf of the California Class, re-alleges and incorporates by reference paragraphs 1 through 20 as though fully set forth herein.

77.     As alleged more fully herein, Defendant made false and misleading representations to Plaintiff and Class Members when it marketed the Product, representing quinoa as the main ingredient.

78.     When Defendant made these representations, it knew or reasonably should have known that they were false and misleading. Defendant had no reasonable grounds for believing that these representations were true when made.

79.     Defendant intended that Plaintiff and Class Members rely on these representations. Plaintiff and Class Members reasonably relied on the representation that quinoa was the main ingredient in purchasing the Products.

80.     Defendant's ingredient representations were a substantial factor and proximate cause of the damages and losses to Plaintiff and Class Members.

22

COMPLAINT

81.    In addition, class-wide reliance can be inferred because Defendant's representation regarding the quinoa content was material, *i.e.*, a reasonable consumer would consider it important in deciding whether to buy the Product.

82.    Plaintiff and Class Members were injured as a direct and proximate result of Defendant's conduct because Plaintiff and Class Members would not have purchased the Product, or would have paid significantly less for it, if they knew the Product did not contain quinoa as the main ingredient.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of other members of the proposed Classes, respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

A.    Declaring that this action is a proper class action, certifying the Classes as requested herein, designating Plaintiff as Class Representative and appointing the undersigned counsel as Class Counsel;

B.    For an order of restitution and injunctive relief as pleaded or as the Court may deem proper;

C.    Ordering Defendant to pay attorneys' fees and litigation costs to Plaintiff and the other members of the Classes;

D.    Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded; and

E.    Ordering such other and further relief as may be just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury of all claims in this Complaint so triable.

23

COMPLAINT

Dated: August 12, 2026

Respectfully Submitted,

**The Wright Law Office, P.A.**

*s/Nisha Wright*
(SBN: 202564)
600 West Broadway
Suite 700
San Diego, CA 92101
nisha@wrightlawoffice.com
Telephone: (619) 393-3677

**Manfred, APC**
Manfred Muecke (SBN: 222893)
4225 Executive Square
Suite 600-6051
La Jolla, CA 92101-3370
mmuecke@manfredapc.com
Phone: 619-550-4005
Fax: 619-550-4006

Attorneys for Plaintiff

24

COMPLAINT