UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX MERRICK, individually and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>MARS FOOD US, LLC d/b/a SEEDS OF CHANGE,<br>Defendant. | Lead Case No.: 26-CV-4610 JLS (JAC)<br><br>Consolidated with:<br><br>Case No.: 26-CV-5697 JLS (JAC)<br><br>**ORDER GRANTING JOINT MOTION TO CONSOLIDATE**<br><br>(ECF No. 4) |
| MILDRED SEVY, individually and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>MARS, INCORPORATED; and MARS FOOD US, LLC,<br>Defendants. | |

Presently before the Court is the Parties' Joint Motion and Stipulation for Order Consolidating Related Cases and Setting Briefing Schedule on Consolidated Complaint ("Joint Motion," ECF No. 4). Plaintiffs Alex Merrick and Mildred Sevy ("Plaintiffs") join Defendants Mars, Incorporated and Mars Foods US, LLC (collectively "Mars") to consolidate *Merrick v. Mars Food US, LLC*, No. 26-CV-4610 JLS (JAC) (the "Merrick

Action") and *Sevy v. Mars, Incorporated, et al.*, No. 26-CV-5697 JLS (JAC) (the "Sevy Action") under Rule 42(a) of the Federal Rules of Civil Procedure. Joint Motion ¶ 7. For the following reasons, the Court **GRANTS** the Joint Motion.

**BACKGROUND**

Plaintiff Merrick filed her Complaint in this Court alleging class action claims for violations of California consumer laws concerning Defendants' Organic Quinoa, Brown & Red Rice product (the "Product"). *Merrick Action*, ECF No. 1 ¶¶ 1, 5. Plaintiff Sevy filed her Complaint also alleging class action claims for false and deceptive advertising and labeling of the Product. *Sevy Action*, ECF No. 1 ¶ 1. The Sevy Action was transferred to this Court under Civil Local Rule 40.1. *Sevy Action*, ECF No. 6.

Plaintiffs allege that Defendants deceptively labeled the Product by prominently displaying "quinoa" first in the name, despite quinoa constituting less than 2% of the overall Product. *Merrick Action*, ECF No. 1 ¶¶ 2, 3; *Sevy Action*, ECF No. 1 ¶¶ 30–35. Plaintiffs both seek to represent a class of all California residents who purchased the Product. *Merrick Action*, ECF No. 1 ¶ 21; *Sevy Action*, ECF No. 1 ¶ 61. Plaintiff Merrick also seeks to represent a class of all United States residents who purchased the Product. *Merrick Action*, ECF No. 1 ¶ 21.

**LEGAL STANDARD**

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Invs. Rsh. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In exercising its broad discretion to order consolidation, a district court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984), *on reh'g,* 753 F.2d 1081 (9th Cir. 1984).

/ / /

/ / /

## DISCUSSION

Having reviewed the Complaints in the Merrick Action and the Sevy Action, the Court finds consolidation appropriate under Federal Rule of Civil Procedure 42(a). The related actions involve common questions of fact and law. The two complaints involve substantially identical defendants, identical California proposed classes, a compatible nationwide class alleged by Merrick, the same factual allegations, and substantially overlapping causes of action under California consumer and advertising laws. Given the similar factual and legal issues, consolidation of the cases will advance the interests of judicial economy.

The benefit of judicial convenience in consolidating these actions outweighs the potential for any inconvenience, delay, or expense that consolidation could cause, because consolidation would avoid duplicative discovery and proceedings in these cases that are based on nearly identical allegations, share common issues of law and fact, are in similar stages of development, and are pending in the same venue. *See Huene*, 743 F.2d at 704.

The Court reserves consolidating any potentially related actions later filed in, removed to, or transferred to this District. *See* Joint Motion at 5.

## CONCLUSION

Accordingly, the Court **GRANTS** the Joint Motion (ECF No. 4). The Court **ORDERS** as follows:

1. The Court **CONSOLIDATES** under Case No. 26-CV-4610 JLS (JAC) (the "Consolidated Action") the Related Actions, *Merrick v. Mars Food US, LLC*, No. 26-CV-4610 JLS (JAC) and *Sevy v. Mars, Incorporated, et al.*, No. 26-CV-5697 JLS (JAC).
2. The Clerk of Court **SHALL DESIGNATE** the Consolidated Action as *Alex Merrrick and Mildred Sevy, on behalf of themselves and all others similarly situated, v. Mars Food US LLC and Mars, Incorporated* and **DIRECTS** all counsel to file further documents under the Consolidated Action. All documents previously filed and/or served in the Related Actions are deemed a part of the record in the

Consolidated Action. In all subsequent filings, the case number **SHALL** appear as follows:

Lead Case No. 26-CV-4610 JLS (JAC)

Consolidated with:

Case No.: 26-CV-5697 JLS (JAC)

3. Plaintiffs **SHALL FILE** a consolidated complaint on or before November 20, 2026. Defendants **SHALL FILE** a Motion to Dismiss, if any, on or before December 18, 2026. Plaintiffs **SHALL FILE** a Response to the Motion to Dismiss, if any, on or before January 15, 2027, and Defendants **SHALL FILE** a Reply, if any, on or before January 29, 2027.

**IT IS SO ORDERED.**

Dated: October 22, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge